IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES DEVON BROWN                                                             PETITIONER

VS.                                                       CIVIL ACTION NO. 1:21-cv-119-TBM-FKB

BURL CAIN                                                                       RESPONDENT

### REPORT AND RECOMMENDATION

James Devon Brown is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as successive. [10]. Brown has failed to respond to the motion  The undersigned concludes that the petition is successive and recommends that this matter be transferred to the Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631.

Brown was convicted in 2017 in the Circuit Court of Jackson County, Mississippi, of aggravated assault. He was sentenced as a habitual offender to a term of life imprisonment. The Mississippi Court of Appeals affirmed Brown's conviction and sentence on June 11, 2019. *Brown v. State*, 285 So.3d 671 (Miss. Ct. App. 2019). Thereafter Brown filed with the Mississippi Supreme Court an application for leave to proceed in the trial court with a motion for state post-conviction relief based upon ineffective assistance of counsel; it was denied on June 23, 2020. [10-4].

On August 31, 2020, Brown filed in this court an action for relief pursuant to 28 U.S.C. § 2254, styled as *James Devon Brown v. Joe Errington*, No. 1:20-cv-282-LG-MTP. In the petition, Brown challenged his 2017 conviction and sentence, asserting two grounds for relief:  That the sentence was greater than the plea bargain offered by the state, and that his constitutional right to a speedy trial had been violated. After the magistrate judge recommended that relief be denied, Brown filed a motion to dismiss

the petition without prejudice.  On October 7, 2021, the Court denied Brown's motion and dismissed the petition with prejudice.[1]

Brown has now filed a second petition pursuant to 28 U.S.C. § 2254.  In his petition, he asserts that newly-discovered evidence, an affidavit by the alleged victim, establishes his innocence.  Attached to the petition is an affidavit by the alleged victim dated March 15, 2021, in which she states that Brown did not assault her and that she was pressured to testify against him at trial.  [1-1].

A petitioner who desires to file a second or successive petition for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  A petition that raises a claim challenging the petitioner's conviction that was or could have been raised in an earlier petition constitutes a successive petition.  *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009).  Without such authorization, the district court is without jurisdiction.  *Id.* at 219.

The ground Brown now raises is essentially that he did not assault the victim.  That ground was available to him when he filed his first § 2254 petition.  Thus, the petition is successive within the meaning of § 2244(b)(3)(A).[2]  Furthermore, Brown has

---

[1] Thereafter, Brown continued his efforts to obtain post-conviction relief from the state court.  On September 7, 2021, he filed with the state supreme court an application seeking leave to proceed in the trial court with a motion for post-conviction relief, asserting his claim of newly-discovered evidence. The application was denied on October 14, 2021. [10-7].  In December of 2021, he requested leave to file a successive petition, asserting that newly-discovered evidence proves his innocence, that his sentence violates the Eighth Amendment, and that the prosecution committed a *Brady* violation.  The court denied relief on February 18, 2022.  *Brown v. State*, 2020-M-630 (Miss. S. Ct. Feb. 18, 2022).

[2] That a claim is based upon newly-discovered evidence does not mean the claim was previously unavailable.  *See* 28 U.S.C. § 2244(b)(2)(B)(i); *Leal Garcia*, 573 F.3d at 221.

not submitted any documentation demonstrating that he has obtained authorization from the Fifth Circuit.

Accordingly, the undersigned recommends that, in the interest of justice, pursuant to 28 U.S.C. § 1631, this matter be transferred to the Fifth Circuit for a determination as to whether this successive petition should be allowed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of April, 2022.

                                          s/ F. Keith Ball
                                          United States Magistrate Judge

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).