IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES DEVON BROWN**                                            **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 1:21-cv-119-TBM-FKB**

**BURL CAIN**                                                     **DEFENDANT**

**ORDER TRANSFERRING SUCCESSIVE PETITION TO
THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

Before the Court is the *pro se* Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by plaintiff James Devon Brown. Upon review of the Report and Recommendation [14] entered by United States Magistrate Judge F. Keith Ball, the Court adopts the Report and Recommendation [14] as the opinion of this Court and transfers this matter to the Fifth Circuit for a determination as to whether this successive petition should be allowed pursuant to 28 U.S.C. § 1631.

Brown initially filed this Petition for habeas relief in the United States District Court of the Southern District of Mississippi on April 8, 2021. [1]. Brown was convicted of aggravated assault in 2017 in the Circuit Court of Jackson County, Mississippi. [14], pg. 1. He received a sentence as a habitual offender to a term of life imprisonment. *Id.* The Mississippi Court of Appeals affirmed Brown's conviction and sentence on June 11, 2019. *Brown v. State*, 285 So. 3d 671 (Miss. Ct. App. 2019). Brown filed this action on August 31, 2020. *James Devon Brown v. Joe Errington*, No. 1:20-cv-282-LG-MTP. [14], pg. 1. The petition was denied and dismissed with prejudice on October 7, 2021. *Id.*

In the instant Petition for habeas relief, Brown asserts that newly-discovered evidence establishes his innocence. *Id.* at 2. After the Report and Recommendation [14] was entered, Brown

filed a Motion [15] for Extension of Time to File Response.[1] Although Brown's Motion was timely filed, the Court does not have jurisdiction over his Petition pursuant to § 2244(b)(3)(A). The Fifth Circuit Court of Appeals has not issued an order authorizing this Court to consider Brown's successive Section 2254 motion. Absent such an order, the Court lacks jurisdiction to review a successive application. 28 U.S.C. § 2244(b)(3)(A). Indeed, a petitioner who files a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2019).

The Fifth Circuit defines "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id*. at 220 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Brown's claims in this case were raised or could have been raised in his earlier federal petition. His Petition is therefore successive under § 2244(b)(3)(A) and requires prior authorization from the Fifth Circuit. *See*, *e.g. In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (finding petition successive to a previous petition dismissed as time barred).

---

[1] Brown's Motion [15] for Extension of Time is denied. Brown requested his first Motion [12] for Extension of Time to file a response to the Motion [10] to Dismiss on February 14, 2022. The Motion [12] for Extension of Time was granted. But, Brown failed to file a response to the Motion [10] to Dismiss after his Motion [12] for Extension of Time was granted. In the current Motion [15] for Extension of Time, Brown provides that he needs additional time to "receive his answer back from the [Fifth Circuit] Court of Appeals" where he allegedly requested authorization to consider this Writ of Habeas Corpus. [15]. Notably, that is what the Report and Recommendation [14] also recognizes is required—a decision from the Fifth Circuit. Brown's Motion [15] for Extension of Time does not argue that more time is needed to respond to the Report and Recommendation [14] outside of wanting to wait on a decision from the Fifth Circuit. The Court denies Brown's Motion [15] for Extension of Time as lacking good cause for the extension to be granted.

Because Brown has not demonstrated such authorization from the Fifth Circuit to pursue this successive habeas Petition, his Petition is not properly before this Court. But in the interest of justice, the Court will transfer this matter to the United States Court of Appeals for the Fifth Circuit to determine whether this successive Petition should be permitted. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997); *see also* 28 U.S.C. § 1631.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [14] entered by United States Magistrate Judge F. Keith Ball on April 14, 2022, is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Petition [1] for Writ of Habeas Corpus is, **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff's Motion for Extension of Time to File Response [15] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [10] is **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED**, this the 30th day of June, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE